UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT　　**ADOPTION ORDER**
COOPERATION, PENSION AND WELFARE　　13-cv-4365 (ADS)(ARL)
FUNDS, TRUSTEES OF THE NEW YORK
CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, WELFARE
FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, AND THE NEW YORK
CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION,

　　　　　　　Plaintiff,

　　　　　-against-

ROCK-IT CONTRACTING INC. and
O'GRADY CONSTRUCTION CORP.,
　　　　　　Defendants.
-------------------------------------------------------X
**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Attorneys for the Plaintiffs*
**111 Broadway, Suite 1403**
**New York, NY 10006**
　　**By:** Richard B. Epstein, Esq.
　　　　　Elina Turetskaya, Esq., Of Counsel

**SPATT, District Judge**.

　　　This case arises from allegations that the Defendant O'Grady Construction Corp.

("O'Grady") is the alter-ego and/or single employer of Rock-It Contracting Inc. ("Rock-It")

(collectively, the "Defendants") and should be held jointly and severally liable for two default

judgments previously entered against Rock-It.

1

In particular, on April 22, 2010, in an action filed in the Southern District of New York before United States District Judge John Koeltl, the Plaintiff Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Restraining, Educational and Industry, and Relief and Charity Funds (the "NYC Funds") obtained a default judgment against Rock-It in the amount of $49,924.76.

Further, on May 3, 2011, in an action filed in the Eastern District of New York before United States District Judge Joseph F. Bianco, the Plaintiff Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Empire Funds") obtained a default judgment against Rock-It in the amount of $73,885.72.

On August 2, 2013 Empire Funds commenced the present action against the Defendants seeking a declaration that the Defendant O'Grady is the alter ego and/or single employer of Rock-It such that both Defendants are jointly and severally liable for the previous two judgments entered against Rock-It.

On May 20, 2014, the Empire Funds filed an amended complaint adding the following parties as plaintiffs: (i) the NYC Funds; and (ii) the New York City and Vicinity Carpenters Labor-Management Corporation (collectively with the Empire Funds, the "Plaintiffs"). On July 3, 2014, the Defendants were served with the amended summons and complaint. The Defendants have not interposed an answer or otherwise responded to the amended complaint.

On August 4, 2014, the Plaintiffs requested a Certificate of Default with the Clerk of the Court. On August 5, 2014, the Clerk of the Court issued the Certificate of Default and certified the Defendants' default.

On August 8, 2014, the Plaintiffs moved for default judgment.

2

On August 19, 2014, the Court referred this matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On February 18, Judge Lindsay issued a Report recommending that the Plaintiffs' motion for default judgment be granted and that an Order be issued declaring that the Defendant O'Grady is the alter ego and/or single employer of the Defendant Rock-It such that O'Grady is liable for (1) the judgment of $49,924.76 previously entered by Judge Koetl in favor of the NYC Funds against Rock-It. In addition, Judge Lindsay recommended that the Plaintiffs be awarded attorneys' fees in the amount of $3,783.00 and costs in the amount of $535.40; and (2) the judgment of $73,885.72 previously entered by Judge Bianco in favor of the Empire Funds against Rock-It; and

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 18, 2015, Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015)(reviewing Report and Recommendation without objections for clear error).

Accordingly, the February 18, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiffs' motion for a default judgment is granted. The Clerk of the Court is directed to enter judgment for the Plaintiffs and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
March 9, 2015

                                             _/s/ Arthur D. Spatt_____
                                              ARTHUR D. SPATT
                                             United States District Judge